UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELBY MOORE AND STEPHANIE KELLAR, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN CAIDEN MOORE, CENDAL MOORE, AND COLTON MOORE, <br><br> Plaintiffs, <br><br> V. <br><br> HARMS FARMS TRUCKING INC. AND JASON WESLEY GUERNSEY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-CV-478 <br><br><br><br> **TRIAL BY JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. COMES NOW Shelby Moore and Stephanie Kellar (individually and as next friends of minors Caiden Moore, Cendal Moore, and Colton Moore) complaining of Harms Farms Trucking Inc. and Jason Wesley Guernsey, and would respect show the court as follows.

### I. PARTIES

2. Plaintiff Shelby Moore is an individual residing in Willis, Texas. He is the parent of minor children Caiden Moore, Cendal Moore, and Colton Moore, who are also residents of Willis, Texas. He sues individually and on behalf of his minor children.

3. Plaintiff Stephanie Kellar is an individual residing in Willis, Texas. She is the parent of minor children Caiden Moore, Cendal Moore, and Colton Moore, who are

1

also residents of Willis, Texas. She sues individually and on behalf of her minor children.

4. Defendant Harms Farms Trucking Inc. is on information a Nebraska corporation with its principal place of business in Nebraska, and may be served through its registered agent Robert D. Kinsey Jr., Suite 100, 3800 Vermaas Place, Lincoln, Nebraska 68502.

5. Defendant Jason Wesley Guernsey is an individual who on information resides in Iowa and who may be served at 1205 Central Ave., Bedford, IA 50833, or wherever else he may be found.

## II.    JURISDICTION AND VENUE

6. This Court has subject matter diversity jurisdiction pursuant to the United States Constitution and 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Namely, the motor vehicle incident on or about January 30, 2017 which forms the basis of this suit occurred in this district.

8. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district. On information, Defendants operate and have operated trucks in this district and conduct and have conducted business in this district, as evidenced in party by their involvement in a motor vehicle incident in this district on or about January 30, 2017.

## III.    FACTS

9. On or about January 30, 2017, Plaintiffs and their minor children Caiden Moore, Cendal Moore, and Colton Moore were lawfully driving northbound in a motor vehicle on IH-45 in and/or near Conroe, Texas when Defendant Guernsey violently struck them with the motor vehicle he was unlawfully driving, namely, a 2005 Peterbilt tractor trailer. Defendant Guernsey was in the course and scope of his employment with Defendant Harms Farms Trucking Inc. at the time of the incident.

10. Defendant Guernsey failed to maintain lanes, failed to drive in a single lane, failed to control his speed, failed to avoid other vehicles on the road, and failed to stop or break once he had already collided with Plaintiffs the first time. Defendant Guernsey was cited by the police for violating the laws of Texas, and was determined to be the cause of the accident.

11. Defendant Guernsey struck Plaintiffs' vehicle more than once, and caused Plaintiffs' vehicle to spin several times and to violently collide with the highway barrier, whereupon it erupted in flames. Plaintiff Stephanie Kellar was pregnant at the time of the incident.

12. Plaintiffs and their minor children suffered personal injuries and damages as a result of the incident and the conduct of Defendants outlined herein.

### IV.   CAUSES OF ACTION

**A. NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR NEGLIGENCE *PER SE* OF DEFENDANT JASON WESLEY GUERNSEY**

13. The preceding paragraphs are incorporated herein.

14. The negligence, gross negligence, and/or negligence *per se* of Defendant

Guernsey includes but is not limited to the following acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries to Plaintiffs and their minor children:

    a. Failing to keep a proper lookout for vehicles on the roadway;

    b. Failure to maintain lanes;

    c. Failing to control speed under the circumstances;

    d. Failing to maintain control of his motor vehicle at all times;

    e. Failing to timely and properly apply brakes under the circumstances;

    f. Failing to take evasive action to avoid the collision;

    g. Failing to keep the vehicle under proper control;

    h. Failing to operate the vehicle with due care for the safety of others, including Plaintiffs and their minor children;

    i. Failing to use the turn indicator;

    j. Failure to yield the right of way;

    k. Failing to understand and/or utilize proper space management;

    l. Failure to provide adequate warning of the impending impact;

    m. Colliding with Plaintiffs' vehicle;

    n. Colliding with Plaintiff's vehicle more than once;

    o. Failing to follow the traffic laws of the State of Texas; and

    p. Failing to keep a safe closing distance

15. Defendant Guernsey's conduct, when viewed objectively involved an extreme degree of risk, and Defendant Guersney had actual, subjective awareness of the

4

risk but proceeded with conscious indifference to the rights, safety, and welfare of others, evidenced in part by Defendant Guernsey's striking of Plaintiffs' vehicle more than once.

16. At the time of the incident in question, Defendant Guernsey was an employee of Defendants Harms Farms Trucking Inc. employee and acting within the course and scope of his employment for Defendant Harms Farms Trucking Inc. in the furtherance of his employer's business. Therefore, pursuant to the doctrine of *respondeat superior*, Defendant Harms Farms Trucking Inc. is responsible for Defendant Guernsey's negligence.

17. In the alternative, upon information and belief, Plaintiffs specifically allege that at all relevant times, Defendants were acting in the capacities of principal-agent or master-servant for one another, were acting within the course and scope of said agency or servitude, ratified the conduct of each other Defendant.

18. In the alternative, if Defendant Harms Farms Trucking Inc. contends that Defendant Guernsey was not an employee, then Defendant Guernsey was a statutory employee of Defendant Harms Farms Trucking Inc. pursuant to 49 C.F.R. § 376.12

**B. VICARIOUS LIABILITY OF DEFENDANT HARMS FARMS TRUCKING INC. FOR THE NEGIGENCE AND/OR GROSS NEGLIGENCE OF DEFENDANT GUERNSEY**

19. The preceding paragraphs are incorporated herein.

20. Defendant Harms Farms Trucking Inc. was at the time of the incident registered with the U.S. Department of Transportation as a motor carrier, operating under DOT number 330990.

21. Defendant Harms Farms' employee and/or statutory employee Defendant

5

Guernsey was negligent and/or grossly negligent in his operation of the tractor trailer.

22. Plaintiffs and their minor children were injured as a direct and proximate result of Defendant Guernsey's negligence and/or gross negligence and/or negligence *per se*.

23. Defendant Harms Farms is legally responsible and vicariously liable to Plaintiffs and their minor children for the negligence and/or gross negligence and/or negligence *per se* of its driver under the legal doctrines of respondeat superior, the statutory employment doctrine, agency and/or ostensible agency. The driver was at all times material hereto an agent, ostensible agent, servant, employee, and/or statutory employee of Defendant Harms Farms acting within the scope of such agency or employment.

## C. NEGLIGENCE OF DEFENDANT HARMS FARMS TRUCKING INC. FOR NEGLIGENT HIRING, ENTRUSTMENT, SUPERVISION, AND/OR RETENTION OF DEFENANT GUERNSEY

24. The preceding paragraphs are incorporated herein.

25. As a motor carrier, Defendant Harms Farms has duties under the Federal Motor Carrier Safety Regulations and common law to properly qualify, entrust, hire, train, retain, and supervise its employees and statutory employees, including Defendant Guernsey.

26. Defendant Harms Farms entrusted the vehicle to Defendant Guernsey, a reckless and incompetent driver.

27. Defendant Harms Farms knew or through the exercise of reasonable care should have known that Defendant Guernsey was a reckless and incompetent driver.

28. Defendant Harms Farms was negligent and breached its duty in hiring

6

Defendant Guernsey, failing to properly inquire into his competence and qualifications, failing to adequately supervise Defendant Guernsey, failing to adequately train Defendant Guernsey, and failing to exercise reasonable care in retaining Defendant Guernsey.

29.     The foregoing negligence by Defendant Harms Farms was a proximate case of damages to Plaintiffs and their minor children.

## V.     DAMAGES

30.     Plaintiffs and their minor children seek the following damages, which were proximately caused by Defendants' conduct outlined herein, and which are in excess of the minimum jurisdictional limits of this Court.

- Compensatory damages
- Actual damages
- Consequential damages
- Lost future income
- Lost past income
- Past medical care
- Future medical care
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Past loss of enjoyment of life
- Future loss of enjoyment of life
- Past loss of household services
- Future loss of household services
- Past loss of consortium
- Future loss of consortium
- Interest (pre- and post-judgment)
- Court costs

- Exemplary damages
- Other relief as the Court may deem just and proper

## VI.     JURY DEMAND

31.     Plaintiffs respectfully demand a trial by jury on all of their claims.

## VII.     PRAYER

32.     Plaintiffs and their minor children pray that Defendants be cited to appear and answer, and that upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, and that they recover the damages sought herein, and for all other relief to which they are entitled.

Dated:     February 16, 2018
                Houston, Texas

                            Respectfully submitted,

                            MORROW & SHEPPARD, LLP

                            By:*/s/ John D. Sheppard*
                               John D. Sheppard (Attorney-In-Charge)
                               State Bar No. 24051331
                               Fed. Id. 635193
                               Email: jsheppard@morrowsheppard.com
                               Nicholas A. Morrow
                               State Bar No. 24051088
                               Fed Id.: 611443
                               Email: nmorrow@morrowsheppard.com
                               Daniel E. Sheppard
                               State Bar No.: 24103929
                               Fed Id.: 3120079
                               Email: dsheppard@morrowsheppard.com
                               310 Kirby Drive, Suite 1000
                               Houston, Texas 77098
                               (713) 489-1206 (tel)
                               (713) 893-8370 (fax)